MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

APPROXIMATELY $6,420.00 IN U.S. CURRENCY,

        Defendant.

2:19-MC-00110-WBS-EFB

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about February 6, 2019, agents with the United States Postal Inspection Service ("USPIS") seized approximately $6,420.00 in U.S. Currency ("defendant currency") from Tobiasz and Estes during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about April 5, 2019, USPIS received claims from Tobiasz and Estes asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on February 6, 2019, USPIS conducted a parcel interdiction at the Postal Facility at 2000 Royal Oaks Drive in Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband.  The parcel was addressed to Daniel Estes, P.O. Box 115, Forbestown, California, 95941, with the following return address: Matthew

1

Tobiasz, 3040 W. Forest Home Drive, Milwaukee, Wisconsin, 53215.

4. The United States represents that it could further show at a forfeiture trial that on February 6, 2019, law enforcement officials spoke to Estes, who told them he was expecting the parcel and it should have approximately $6,400 in cash. Estes stated he loaned a friend $6,400 about 2 years ago and his friend, Tobiasz, had received an inheritance recently and was paying the loan back. Estes gave consent to open the parcel. Law enforcement found $6,420 in cash inside a hot beverage cup wrapped in duct tape.

5. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, claimants Tobiasz and Estes specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees to stipulate that an adequate factual basis exists to support forfeiture of the defendant currency. Matthew Tobiasz and Daniel Estes hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by

2

and between the parties.

12. Upon entry of the Consent Judgment of Forfeiture, $3,210.00 of the Approximately $6,420.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,210.00 of the Approximately $6,420.00 in U.S. Currency shall be returned to claimants Matthew Tobiasz and Daniel Estes.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: August 6, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE